M'INTIRE vs. WHITING.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

M'INTIRE
vs.
WHITING.

The ceding debtor, after surrender and appointment of syndics, has no longer any capacity to appear in court, in relation to the property surrendered.

But where a ceding debtor has a qualified property in goods, acquired after the surrender as bailee or carrier, which are seized by a judgment creditor, he has a right to move the court and have the writ and seizure annulled and set aside.

Property belonging to the ceding debtor at the time of the surrender, cannot be seized in execution by a judgment creditor, who was a party to the *concurso*.

The District Court on motion, by an insolvent debtor, has the right to quash an execution, which improvidently issued, contrary to the order staying proceedings; the debtor, although incapable of appearing in court, in relation to the mass of the property surrendered, was a party to the original suit, and might well make such a motion.

This action commenced by a written motion of the defendant, to annul and set aside a levy and seizure made under a writ of *fieri facias*, which issued on a judgment of the plaintiff against the defendant, after the latter had made a cession of his goods.

The judgment upon which the *fieri facias* issued, was recorded in October, 1832, in the parish of St. Mary. The defendant is a resident of Texas, but was, at the time of recording the judgment against him, a partner in the commercial firm of George Whiting & Co., in a store, which had been carried on several years in the town of Franklin, in said Parish. On the 22d October, 1833, the firm of George Whiting & Co., filed their *bilan*, upon which the plaintiff's judgment was placed, as one of the debts owing by the firm. The surrender was accepted by the judge, and a meeting of the creditors ordered. The attorney of the plaintiff appeared before the notary, and swore that the amount of the said judgment was due to the plaintiff by the firm.

In April 1834, the plaintiff caused execution to issue on said judgment, which was levied on sundry articles in possession of the defendant, but which he alleges are not his property. He presented a written motion, by way of petition, to the District Court of St. Mary, in which he alleges the seizure is illegal on several grounds, viz : that he is not the owner of the articles seized ; " and that no legal or judicial process can be had on the said judgment against his person or property, nor against any property in his possession." He prays that the seizure be annulled and set aside, and that a forthcoming bond in the sum of three hundred dollars, which he gave for a portion of the articles seized, be cancelled. The district judge gave judgment accordingly, from which the plaintiff appealed.

*Splane*, for the plaintiff and appellant.

*Brownson, contra.*

*Bullard J.,* delivered the opinion of the court.

The commercial firm of which the appellee was a member, having made a surrender for the benefit of their creditors, and obtained a stay of proceedings, the appellant or judgment creditor caused an execution to issue against one of the ceding debtors. M'Intire, the appellant had appeared at the meeting of the creditors, and a syndic had been appointed. Samuel Whiting, one of the firm represented in writing to the court from which the execution issued, that the sheriff, in virtue of said execution, had seized certain property in his possession, but not belonging to him, which had been sent by Mr. H. Whiting, as a present to his wife and family residing in Texas, and of which goods he was only bailee or carrier.

The ceding debtor, after surrender and appointment of syndics, has no longer any capacity to appear in court in relation to the property surrendered.

He therefore moved the court to quash the writ, and to order the bond given to the sheriff for the forthcoming of the property to be cancelled. It was accordingly done, and M'Intire appealed.

His counsel contends that he had a right to levy his execution on property acquired by the ceding debtor, after his

surrender, and that the syndic alone has a right to inquire into the regularity of the proceeding in this case.

Western Dist.
September, 1834.

m'intire
vs.
whiting.

It is true the future acquisitions of a ceding debtor, coming to better fortune, may be applied to the payment of his debts, unless a release has been given, but it by no means follows that execution may issue in the first instance, on the demand of a judgment creditor. The ceding debtor after the surrender has been accepted, and a syndic appointed, has no longer any capacity to appear in court, in relation to the property surrendered, and if the execution in the present case had been levied on property belonging to the firm, or either of the partners, we should concur in opinion with the counsel for the appellant, that the appellee had no right to interfere, and ought not to have been listened to. The evidence does not show to whom the property seized really belonged. If we take the allegations of the plaintiff as true, he had only a qualified property in the goods acquired after the surrender, and in that case he had a right to interfere. It was a matter which did not regard the mass of the creditors. If on the other hand, the property belonged to the ceding debtor at the time of the surrender, the judgment creditor, who was a party to the *concurso*, had clearly no right to proceed by execution. On either supposition, the proceeding was irregular.

*But where a ceding debtor has a qualified property in goods, acquired after the surrender as bailee or carrier, which are seized by a judgment creditor, he has a right to move the court, and have the writ and seizure annulled and set aside.*

*Property belonging to the ceding debtor at the time of the surrender, cannot be seized in execution by a judgment creditor or who was a party to the concurso.*

But it is further contended, that the court erred in quashing the writ and cancelling the bond on motion, that it could only be done by injunction regularly obtained, and prosecuted. We think the court had a right to quash the execution, which improvidently issued, contrary to the order staying proceedings, and as the appellee was a party to the original suit, he might well make that motion, although, without capacity to act in relation to the mass of property surrendered. The bond in question was but an accessary, and necessarily ceased to have any legal effect as soon as the execution was set aside.

*The District Court, on motion, by an insolvent debtor, has the right to quash an execution which improvidently issued contrary to the order staying proceedings. The debtor, although incapable of appearing in court in relation to the mass of the property surrendered, was a party to the original suit, and might well make such a motion.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.